**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 17, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL D. LOWERY,

     Plaintiff - Appellant,

v.

DREW EDMONDSON; JUSTIN
JONES; DEBBIE L. MORTON; LEO
BROWN,

     Defendants - Appellees.

No. 12-7076
(D.C. No. 09-CV-00286-RAW-SPS)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.[**]

     Plaintiff-Appellant Michael D. Lowery, along with two other inmates, filed

a civil rights complaint pro se pursuant to 42 U.S.C. § 1983 and the Religious

Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C.

§ 2000cc–2000cc-5.  The inmates alleged that Defendants-Appellees Drew

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

Edmondson, former Attorney General for the State of Oklahoma, and Justin Jones, Debbie Morton, and Leo Brown, three Oklahoma Department of Corrections (ODOC) officials, violated their rights to free exercise of religion and equal protection under the First and Fourteenth Amendments and RLUIPA. Mr. Lowery appeals the court's dismissal of his complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Background

Mr. Lowery, an inmate and member of the Moorish Science Temple of America Inc., challenges an ODOC policy that prevents him from storing his fez, a type of religious headgear, in his cell. I R. 23–40. The ODOC policy provides that religious "[h]eadgear must lay flat upon the head." Id. at 153. Mr. Lowery's fez stands five inches above his head. Id. at 30. Thus, Mr. Lowery must store his fez in the chaplain's office, where he may retrieve it before prayer. Id. at 31.

On July 21, 2009, the inmates filed their complaint seeking injunctive relief and damages. Id. at 23–40. They requested appointment of counsel and class action certification, both of which were denied. Lowery v. Edmondson, No. CIV 09-286-RAW-SPS, 2009 WL 2212389, at *1 (E.D. Okla. July 23, 2009). This court declined review of the lower court's interlocutory order. I R. 98–99.

Defendants moved to dismiss or in the alternative for summary judgment. Id. at 241–52. Plaintiffs opposed the motion and sought discovery under Fed. R.

Civ. P. 56(d).[1]  Id. at 424–33.  The court denied the request, and dismissed the co-plaintiffs' claims for failure to exhaust administrative remedies and dismissed Mr. Lowery's claims with the exception of his claim arising under 42 U.S.C. § 1983 regarding his keeping a fez in his cell and wearing it for religious services. Lowery v. Edmondson, No. CIV 09-286-RAW-SPS, 2011 WL 1226991, at *3 (E.D. Okla. Mar. 29, 2011).  Defendants filed a second motion to dismiss or for summary judgment, and on September 27, 2012, the court granted the motion and entered judgment in favor of Defendants.  Lowery v. Edmondson, No. CIV 09-286-RAW-SPS, 2012 WL 4481456, at *2 (E.D. Okla. Sept. 27, 2012); I R. 1083.

On October 25, 2012, Mr. Lowery filed a notice of appeal.  I R. 1084. Then, on November 19, 2012, he filed a motion to alter or amend, which the court denied.  Id. at 1085–91; Doc. 164.  Mr. Lowery's co-plaintiffs have not appealed.

Discussion

Mr. Lowery raises four arguments on appeal.  He challenges: (1) dismissal of his complaint for failure to allege personal participation; (2) denial of his motion for class certification; (3) dismissal of his co-plaintiffs' claims for failure to exhaust administrative remedies; and (4) denial of his request for discovery.[2]

_____

[1]  Formerly Rule 56(f).

[2]  On points two through four, Mr. Lowery purports to appeal the denial of his motion to alter or amend as well.  Aplt. Br. 13, 17, 20.  But he filed a notice of appeal *before* the court denied this motion and has not filed an amended notice

Mr. Lowery first argues the district court erred in dismissing his complaint for lack of personal participation. Aplt. Br. 6–12. We review de novo the court's decision under Rule 12(b)(6). Childs v. Miller, 713 F.3d 1262, 1264 (10th Cir. 2013). Because Mr. Lowery is pro se, we construe his pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). However, pro se status "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." Fogle v. Pierson, 435 F.3d 1252, 1263 n.7 (10th Cir. 2006) (quotation omitted).

According to the district court, Mr. Lowery failed to allege that Defendants "personally participated in not allowing him to keep his fez in his cell or wear it for religious services." Lowery, 2012 WL 4481456, at *2. "[P]ersonal participation in the specific constitutional violation complained of is essential." Henry v. Storey, 658 F.3d 1235, 1241 (10th Cir. 2011) (citation omitted). Mr. Lowery sued Drew Edmondson (former Attorney General for the State of Oklahoma), Justin Jones (Director for the ODOC), Debbie Morton (Director Designee for the ODOC), and Leo Brown (Religious Coordinator for the ODOC). However, he insufficiently pleads personal involvement. First, he identifies no

___

of appeal. See I R. 1084; Doc. 164. We thus lack jurisdiction to consider the motion to alter or amend. See Fed. R. App. P. 4(a)(4)(B)(ii).

- 4 -

actions on the part of Edmondson or Jones that infringed upon his rights. Second, we have previously held that the mere denial of a grievance, which Morton allegedly did, is inadequate for personal participation. See Stewart v. Beach, 701 F.3d 1322, 1328 (10th Cir. 2012). And third, his allegation that Brown and Jones are Masons, which explains their dislike of Mr. Lowery's religion, is conclusory at best. To the extent Mr. Lowery sought to challenge a prison policy, he had the burden to name and explain the various defendants' involvement, if only as policymakers, see, e.g., Lovelace v. Lee, 472 F.3d 174, 193 (4th Cir. 2006) (allowing a RLUIPA claim to proceed against the warden); this he has not done.[3]

Mr. Lowery next contends the court erred in denying his motion for class certification. Aplt. Br. 13. "We review the standard the district court used in making its Rule 23 determination de novo and the merits of that determination for an abuse of discretion." DG ex rel. Stricklin v. Devaughn, 594 F.3d 1188, 1194 (10th Cir. 2010) (quotation omitted). The court denied certification because plaintiffs, appearing pro se, could not "fairly and adequately protect the interests of the class." Lowery, 2009 WL 2212389, at *1 (citing Fed. R. Civ. P. 23(a)(4)). Such a ruling is consistent with our practice of not certifying pro se class actions. See Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000)

---

[3] It appears that Mr. Lowery named the Assistant Warden/Religious Director of the institution in his initial complaint but later dismissed him because he was no longer employed there and had no role in crafting or enforcing the policy. See I R. 15; 387–88.

("[T]he competence of a layman is clearly too limited to allow him to risk the rights of others." (quotation omitted)).  And upon finding one certification requirement unmet, the court was under no obligation to discuss the others.  See Tabor v. Hilti, Inc., 703 F.3d 1206, 1228 (10th Cir. 2013).

Third, Mr. Lowery alleges the court abused its discretion in dismissing his co-plaintiffs' claims for failure to exhaust administrative remedies.  Aplt. Br. 17–20.  Neither co-plaintiff has filed a notice of appeal or brief in this case.  And Mr. Lowery, who is not an attorney, cannot raise claims on their behalf.  See Cotner v. Hopkins, 795 F.2d 900, 902 (10th Cir. 1986) ("The general rule . . . is that a plaintiff must assert his own constitutional rights.").  We thus reject Mr. Lowery's third point.

Finally, Mr. Lowery appeals the denial of his request for discovery under Fed. R. Civ. P. 56(d).  We review the court's decision for abuse of discretion. Trask v. Franco, 446 F.3d 1036, 1042 (10th Cir. 2006).  The court denied Mr. Lowery's request because "most of the claims about which he asks to conduct discovery were not exhausted, pursuant to 42 U.S.C. § 1997e(a)."  Doc. 103.  Our review confirms that Mr. Lowery's request for discovery focused on an alleged conspiracy, but he failed to raise such allegations in his administrative grievance. Thus, the claims were unexhausted, and the court did not abuse its discretion.

We DENY IFP status and DISMISS the appeal.  We remind Mr. Lowery that he should make immediate payment on the unpaid balance due.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge