PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-4148
_____

LAWRENCE SHEINBERG AND GILES HAZEL,

Appellants,

v.

ROBERT SORENSEN, *et al.*

_____

On Appeal of a Decision of the United States District Court
for the District of New Jersey (Civ. No. 00-6041)
United States Magistrate Judge: Claire C. Cecchi

_____

Argued April 15, 2010

Before: SLOVITER and HARDIMAN, *Circuit Judges*,
and POLLAK, *District Judge*.*

(Filed:May 28, 2010)

_____

Martin P. Schrama, Esq. [ARGUED]
Stark & Stark
993 Lenox Drive, Building Two
P.O. Box 5315
Princeton, NJ 08543

_____

* Honorable Louis H. Pollak, Senior Judge of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

*Counsel for Petitioners*
*Lawrence Sheinberg and Giles Hazel*

Kevin R. Krantz, Esq. [ARGUED]
Stahl Cowen Crowley Addis, LLC
55 West Monroe Street, Suite 1200
Chicago, IL 60603
 *Counsel for Respondents*
 *Robert Sorensen, et al.*

OPINION OF THE COURT

POLLAK, *District Judge*

Eight years ago, this case, pending in the United States District Court for the District of New Jersey, was certified as a class action. Three years ago, the District Court decertified the class in an opinion stressing the inadequacies of then-class counsel. After plaintiffs-appellants obtained new counsel, they moved to recertify the class. The District Court denied that motion, and plaintiffs brought this interlocutory appeal. Because the District Court failed to apply the correct standards in ruling on the motion for recertification, we will vacate and remand.

**I.**

In 2000, a light bulb manufacturer known as DuroTest closed. Thereafter, plaintiffs, former DuroTest employees, filed suit in New Jersey federal court against companies affiliated with DuroTest and against Robert Sorensen, the Chief Executive Officer of those companies. Plaintiffs seek damages for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.*, and New Jersey state law. On May 20, 2002, the District Court certified the case as a class action, and in December 2005, a different District Judge denied the parties' cross-motions for summary judgment.

2

In February 2006, the parties consented to have a magistrate judge conduct all further proceedings in the case, and on August 22, 2006, United States Magistrate Judge Hedges limited the membership of plaintiffs' FLSA and ERISA classes to individuals who had previously responded to a questionnaire mailed by class counsel. In February 2007, however, Judge Hedges decertified the class in its entirety, citing numerous mistakes made by class counsel, including the failure to send class notice pursuant to Rule 23(c)(2)(B).

On October 3, 2007, plaintiffs' counsel filed a notice of withdrawal, and new counsel for the plaintiffs filed an entry of appearance. United States Magistrate Judge Cecchi approved the substitution of counsel by order dated December 10, 2007. After a settlement conference on February 13, 2008, plaintiffs moved to recertify the class. Judge Cecchi denied the recertification motion in an opinion and order dated April 4, 2008, holding that plaintiffs' newly-substituted counsel had continued the pattern of errors and omissions that had marred prior counsel's representation of the class. This interlocutory appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1292(e) and Rule 23(f) of the Federal Rules of Civil Procedure, and we review the District Court's ruling on recertification for abuse of discretion. *See Beck v. Maximus, Inc.*, 457 F.3d 291, 295 (3d Cir. 2006).

## II.

Although questions concerning the adequacy of class counsel were traditionally analyzed under the aegis of the adequate representation requirement of Rule 23(a)(4) of the Federal Rules of Civil Procedure, those questions have, since 2003, been governed by Rule 23(g). *See* Fed. R. Civ. P. 23(g), 2003 Advisory Committee Note. That rule instructs that "a court that certifies a class must appoint class counsel." *Id.* 23(g)(1). Thus, under the plain language of the rule, a district court's decision to certify a class must *precede* the appointment of class counsel.

3

The rule lists four factors that must be considered once a district court proceeds to the stage of appointing class counsel: "the work counsel has done in identifying or investigating potential claims in the action," "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action," "counsel's knowledge of the applicable law," and "the resources that counsel will commit to representing the class." *Id.* 23(g)(1)(A)(i)-(iv). A district court must also ensure that "[c]lass counsel [will] fairly and adequately represent the interests of the class," *id.* 23(g)(4), and "may consider any other matter pertinent to counsel's ability" in order to do so, *id.* 23(g)(1)(B).

A district court's inquiry is further aided by broad discretion to "order potential class counsel to provide information on any subject pertinent to the appointment" and to issue "further orders in connection with the appointment." *Id.* 23(g)(1)(C) & (E). The court may also order the proffered counsel "to propose terms for attorney's fees and nontaxable costs" and to include provisions for such fees and costs "in the appointing order." *Id.* 23(g)(1)(C)-(D). After considering the relevant information and the four factors listed in Rule 23(g)(1)(A), if "one applicant seeks appointment . . . the court may appoint that applicant only if the applicant is adequate," and "[i]f more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class." *Id.* 23(g)(2).

By requiring any "court that certifies a class [to] appoint class counsel," Rule 23(g) is made applicable to the appointment of counsel following both class certifications and class *re*certifications. To our mystification, however, in this case neither the parties nor the District Court so much as recognized the existence of the rule. As a result, the District Court failed to consider the factors enumerated in Rule 23(g) in its opinion denying recertification. We have accordingly reviewed the provisions of Rule 23(g) at length in order to remind those handling class actions that its standards now govern the appointment of, and questions concerning the adequacy of, class

counsel.[1]

----

[1] To that end, we reproduce Rule 23(g) in its entirety here. It provides as follows:

(g) Class Counsel.

(1) Appointing Class Counsel. Unless a statute provides otherwise, a court that certifies a class must appoint class counsel. In appointing class counsel, the court:

    (A) must consider:

        (i) the work counsel has done in identifying or investigating potential claims in the action;

        (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

        (iii) counsel's knowledge of the applicable law; and

        (iv) the resources that counsel will commit to representing the class;

    (B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;

    (C) may order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs;

    (D) may include in the appointing order provisions about the award of attorney's fees or nontaxable costs under Rule 23(h); and

    (E) may make further orders in connection with the appointment.

(2) Standard for Appointing Class Counsel. When one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(1) and (4). If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class.

(3) Interim Counsel. The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action.

## III.

Ordinarily, a district court's failure to follow Rule 23(g)'s dictates would be a sufficient basis on which to vacate the denial of recertification as an abuse of discretion. We cannot do so in this case, however, because plaintiffs – whose new counsel was unfamiliar with the rule until we raised it at oral argument – neither objected to the District Court's error below nor raised it in plaintiffs' opening brief on appeal. Accordingly, any possible contention that the District Court's error undermined its order denying recertification has been waived. *See Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 186 (3d Cir. 2009); *AT&T v. FCC*, 582 F.3d 490, 495 (3d Cir. 2009).

We will nevertheless vacate the judgment of the District Court. That court's refusal to recertify the class was premised on the notion that new counsel, like prior counsel, had committed numerous errors in prosecuting the case and had therefore proved inadequate. The District Court thus concluded that declining to recertify the class was the best way to protect the class itself. While we think that the interests of the class might, in the circumstances of this case and without reference to Rule 23(g), provide a potentially appropriate standard against which to measure counsel's performance, the District Court did not actually determine if the interests of the class would be harmed by recertification. It instead assumed that the asserted errors by new counsel would lead to such harm without engaging in any analysis. Not every mistake by counsel, however, inexorably prejudices class interests. *See, e.g.*, *Spoerle v. Kraft Foods Global, Inc.*, 253 F.R.D. 434, 442 (W.D. Wis. 2008); *see also Halverson v. Convenient Food Mart, Inc.*, 458 F.2d 927, 932 (7th Cir. 1972) (holding that the proper remedy for misconduct by class counsel should normally be "disciplinary action against the lawyer and remedial notice to class members"). The District Court thus not only failed to follow Rule 23(g) but also failed to apply the alternative standard it

---

(4) Duty of Class Counsel. Class counsel must fairly and adequately represent the interests of the class.

6

identified for determining the adequacy of counsel to the facts before it. Moreover, nothing in the existing record of this case demonstrates to our satisfaction that new counsel's performance necessarily had that effect.

For these reasons, we will vacate the denial of recertification and remand this case so that the District Court may again consider plaintiffs' motion – this time in light of Rule 23(g).

*Sheinberg v. Sorensen*, No. 08-4148
HARDIMAN, J., dissenting.

I agree with my colleagues that Rule 23(g) requires district courts to decide whether to certify a class prior to the appointment of class counsel. Likewise, I agree that counsel's failure to raise the Rule 23(g) argument constituted waiver. Unlike the Majority, however, I would not hold that the District Court abused its discretion when it denied Appellants' motion to recertify the class.

When decertifying the class, Judge Hedges found that then-class counsel harmed the interests of the class in several ways. For example, counsel failed to provide class members notice of class certification. In addition, counsel's proposed notice—which was never sent—did not explain class members' potential liability under the fee shifting provisions of ERISA and the WARN Act. Counsel also was unaware of court filings, including an order setting the case for trial, because counsel neither monitored the docket nor required local counsel to register on the Court's electronic case filing system as required by local rule. As Appellants' current counsel concedes, these errors severely prejudiced the interests of the putative class members.

In light of that severe prejudice, there were two questions before the District Court when faced with the motion for recertification: (1) could prior counsel's errors be remedied at the late stage of the litigation; and, if so, (2) did new counsel remedy the prejudice caused by predecessor counsel. The District Court answered both questions in the negative. In doing so, it distinguished *Korn v. Franchard Corp.*, 456 F.2d 1206 (2d Cir. 1972), by writing: "The substitution of counsel in this case cannot remedy the myriad failings that have occurred throughout this litigation. In fact, new counsel continues to make the same errors and exemplify the same deficiencies Judge Hedges cited when he found that the plaintiff class must be decertified." Because the record supports this conclusion, I would hold that the District Court did not abuse its discretion when it denied Appellants' motion to recertify the class.

8