NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 26, 2015[*]
Decided July 1, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-3543

| | |
|---|---|
| CHRISTOPHER GOODVINE, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 14-cv-278-wmc |
| MICHAEL MEISNER, et al., *Defendants-Appellees*. | William M. Conley, *Chief Judge*. |

**O R D E R**

Christopher Goodvine, a Wisconsin inmate, wanted to join a fellow prisoner in pursuing a class action *pro se* on behalf of mentally ill inmates confined in segregation at Columbia Correctional Institution. At screening, see 28 U.S.C. § 1915A, the district court dismissed Goodvine from the lawsuit after concluding that the claims common to both inmates were not appropriate for a class action or even joint litigation, and that their individual claims could not be brought in the same lawsuit. Goodvine appeals, arguing that the court should have granted class certification or at least allowed the pair to

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. See Fed. R. App. P. 34(a)(2)(C).

proceed as co-plaintiffs with their common claims. We are not persuaded by either contention, but we conclude that because of changed circumstances, Goodvine should have been permitted to proceed alone. As we explain, though, this victory for Goodvine may prove hollow because recent events suggest that little is left of the lawsuit underlying this appeal.

The procedural history is unusual, though not complicated. Goodvine suffers from serious mental illness and until recently was confined in disciplinary segregation at Columbia off and on for at least four years. Another mentally ill inmate at Columbia, Jeffrey M. Davis, Jr., initiated this lawsuit—without Goodvine—by filing a complaint alleging that he suffered numerous instances of self-harm in segregation because of official indifference to his mental illness. At the time, Davis was litigating a similar case, see *Davis v. Bartow*, No. 3:12-cv-00559-wmc (W.D. Wis. Nov. 17, 2014), as was Goodvine, see *Goodvine v. Meisner*, No. 3:12-cv-00134-wmc (W.D. Wis. June 10, 2015).

The district court screened Davis's complaint and dismissed it sua sponte for failure to exhaust administrative remedies. See 42 U.S.C. § 1997e(a). Davis responded by completing the administrative process and then moving to reinstate his suit, with Goodvine as co-plaintiff. Along with his motion Davis submitted an amended complaint and an application for Goodvine to proceed in forma pauperis. The court granted Davis's motion, assessed an initial partial filing fee against Goodvine (Davis already had paid), and stayed the suit pending screening of the pair's amended complaint. The amended complaint incorporated Davis's original claims, added Goodvine's similar allegations of self-injury, and also added twelve "causes of action" common to both plaintiffs. These "causes of action," though, are really of list of omissions—e.g., not training staff to monitor suicidal inmates in segregation—that Davis and Goodvine say worsened their mental illnesses and increased the risk of self-harm. The amended complaint sought injunctive relief and damages.

In a separate motion, Davis and Goodvine further sought to proceed with their twelve shared "causes of action" as "class causes of action" on behalf of hundreds of mentally ill inmates at Columbia. On October 15, 2014, after Goodvine had paid his initial partial filing fee, the district court screened the amended complaint and, at the same time, ruled on the motion for class certification. Beginning with that motion, the court denied class certification after concluding that the questions of law and fact linking the members of the putative class were only superficially in common, that Davis and Goodvine were not adequate representatives, and that the pair could not fairly represent the class interests because they were *pro se* (and had not made an effort to secure class

counsel). The court then dismissed Goodvine's individual claims without prejudice, reasoning that they involve independent events, have no legal or factual issues in common with Davis's individual claims, and make the complaint unwieldy. The result of these rulings, the court's order presumes, was that only Davis could proceed. Yet the court did not explain why Davis and Goodvine could not continue with their shared "causes of action" as co-plaintiffs, even if not as class representatives. Goodvine brought that omission to the district court's attention in a timely motion for reconsideration, which the court denied without further explanation.

The order denying reconsideration was issued on November 5, 2014. Nine days later, as part of a settlement in his other lawsuit, Davis voluntarily dismissed with prejudice all of his claims in this suit with Goodvine. The voluntary dismissal was mailed on November 17 and received by the clerk of the district court on November 18. With Davis out of the case, the clerk of court then issued a final judgment the same day.

On appeal Goodvine argues that the district court should have granted class certification or at least permitted him and Davis to proceed as co-plaintiffs with their shared "causes of action." We can easily reject the first of these contentions. The district court gave sound reasons for denying class certification. That ruling was not an abuse of discretion. See *Abbott v. Lockheed Martin Corp.*, 725 F.3d 803, 809 (7th Cir. 2013).

Goodvine's second contention has more substance. As he pointed out in his motion for reconsideration, the district court's adverse ruling on class certification did not foreclose the two inmates from proceeding as co-plaintiffs on their common "causes of action." In its analysis the district court overlooked that the "commonality" analysis for class actions, see Fed. R. Civ. P. 23(a)(2), is not coextensive with Federal Rule of Civil Procedure 20(a)(1), which governs joinder of plaintiffs. See *Lee v. Cook County*, 635 F.3d 969, 971 (7th Cir. 2011). Although Davis and Goodvine did not harm themselves in precisely the same way or on the very same days, both inmates attributed their injuries to the same omissions and prison policies identified in their twelve "causes of action." Both plaintiffs had been in and out of segregation and were likely to be housed in segregation in the future. And their common allegations related directly to the conditions of confinement in segregation, including the failure to treat and protect mentally ill inmates. This suffices to establish common questions of law or fact, even if other questions predominate. See Fed. R. Civ. P. 20(a)(1)(B); *Lee*, 635 F.3d at 971; *Boriboune v. Berge*, 391 F.3d 852, 856 (7th Cir. 2004). That was enough for joinder to have been proper, though the decision to deny joinder is still a matter of discretion. See *Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001). The district court reasoned that

allowing Goodvine to join would have created an unwieldy suit with twelve common "causes of action," over 30 individual claims, and scores of defendants. We would be unlikely to conclude that a district court faced with this scenario abuses its discretion by declining to let such a suit proceed.

But that question is not squarely before us, because, in hindsight, it's clear that the district court's rationale for dropping Goodvine from the lawsuit—efficiency and improper joinder—was no longer valid by the time judgment was entered. The district court thought that Davis, as the original plaintiff, should move forward with his claims. Yet before judgment was entered, Davis had exited the lawsuit. Making Goodvine file a new action, as suggested by the district court, would have served no purpose (and cost Goodvine another filing fee). And absent its original rationale for declining to let Goodvine participate in a joint suit with Davis, the district court abused its discretion in entering final judgment.

So we must remand this case, but there is a hitch. After the parties filed their briefs in this appeal, Goodvine and counsel for the State of Wisconsin settled Goodvine's other lawsuit arising from conditions in segregation at Columbia. And as part of that settlement, the Department of Corrections agreed to and did transfer Goodvine to another prison. Since that transfer was compelled by the settlement, the prospect of Goodvine's return to Columbia would appear to be remote, thus mooting his demand for injunctive relief in this suit. And as was true with the settlement in Davis's other suit, the settlement of Goodvine's parallel litigation may well preclude his damages claims in this action. We must leave for the district court to explore, however, the effect of Goodvine's settlement on this case. The agreement is under seal and counsel for Wisconsin has not filed anything with us suggesting that this entire appeal is now moot.

Accordingly, the judgment dismissing Goodvine's "causes of action" numbered 1 through 12, and his individual claims numbered 1 through 23, is VACATED and the case is REMANDED for further proceedings consistent with this order. We express no opinion concerning whether all of these claims, if not barred by Goodvine's settlement in case no. 3:12-cv-00134-wmc, can proceed together in the same lawsuit, a question not yet addressed by the district court.