In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-8025

JOSHUA HOWARD, *et al.*,

*Plaintiffs-Petitioners*,

*v.*

WILLIAM POLLARD, *et al.*,

*Defendants-Respondents*.

Petition for Leave to Appeal from an Order of the United States
District Court for the Eastern District of Wisconsin.
No. 15-CV-557 — **Rudolph T. Randa**, *Judge*.

SUBMITTED DECEMBER 4, 2015 — DECIDED DECEMBER 29, 2015

Before WOOD, *Chief Judge*, and RIPPLE and KANNE, *Circuit Judges*.

PER CURIAM. The pro se plaintiffs in this case—a group of inmates at the Waupun Correctional Institution in Wisconsin—brought this federal action against the governor of Wisconsin, the prison warden, and roughly 30 other persons. They alleged (among other things) that the defendants were violating the Eighth Amendment by providing inadequate mental-health services and by permitting overcrowding at

Wisconsin's prisons. The plaintiffs filed a motion for class certification, which the district court denied on the ground that, because they were proceeding pro se, the plaintiffs could not adequately represent a class. The plaintiffs now petition this court under Federal Rule of Civil Procedure 23(f) for permission to appeal the district court's decision. We deny the petition.

## I

## BACKGROUND

Along with their complaint, the plaintiffs filed a "Motion for Class Certification and Appointment of Counsel" seeking to certify three classes: (1) "all prisoners who are now or in the future will be confined in the [Wisconsin Department of Corrections]," (2) all prisoners who are now or in the future will be confined at [Waupun Correctional Institution]," and (3) all prisoners with a serious mental illness or disability "who are now or in the future will be confined at" Waupun. The plaintiffs also asserted that they "should be appointed counsel to represent the certified classes … pursuant to Rule 23(g) of the Federal Rules of Civil Procedure." They did not, however, state that they had made any effort to secure counsel on their own.

The district court denied the motions for class certification and appointment of counsel. The court denied the motion for class certification on the ground that the pro se plaintiffs could not adequately represent a class. The court also denied the plaintiffs' motion to appoint counsel under Rule 23(g), explaining that the rule "is only implicated when

a class is first certified under Rule 23(a)(4)." And since the motion for class certification was being denied, the judge continued, Rule 23(g) did not come into play. In the same order, the court screened the complaint, dismissing it for violations of Federal Rule of Civil Procedure 18 (as containing unrelated claims) and Rule 20 (as improperly joining plaintiffs). The court gave the plaintiffs a month to file amended complaints.

## II

## DISCUSSION

In this petition under Rule 23(f), the petitioners' principal argument is that interlocutory review is appropriate because the district court erred by employing circular reasoning. The petitioners state that the court "denied certification due to the absence of counsel and then denied the appointment of counsel by invoking Rule 23(g)'s requirement that the class be certified." Under the district court's logic, the petitioners argue, "the ability of pro se litigants to initiate class actions would not exist" and would require prisoners to obtain counsel before filing a suit that seeks "to remedy structural deficiencies in their system of health care." And obtaining counsel, the petitioners assert, is "an almost insurmountable task."

We deny the Rule 23(f) petition because it does not raise a novel issue of class-certification law and because the petitioners do not establish that the denial of class certification signals the death knell of their action. *See Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 834–35 (7th Cir. 1999). We

note that the district court granted the petitioners leave to file amended individual complaints, and they could still attempt to secure counsel.

The decisions of other circuits support our determination that this 23(f) petition does not raise novel issues of law. Those decisions establish the principle that it is *generally* not an abuse of discretion for a district court to deny a motion for class certification on the ground that a pro se litigant is not an adequate class representative. *See DeBrew v. Atwood*, 792 F.3d 118, 131–32 (D.C. Cir. 2015); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975).[1]

The petitioners suggest that they would have been adequate class representatives if the district court had simply granted their motion for appointment of counsel under Rule 23(g). But the purpose of Rule 23(g) is not to enable pro se plaintiffs to obtain recruited counsel in conjunction with class certification; the purpose of the rule is to ensure that the *proposed* class counsel is adequate. *See* FED. R. CIV. P. 23 advisory committee's note to the 2003 amendments (explaining that before addition of subsection (g), courts "scrutinized *proposed* class counsel as well as the class representative under Rule 23(a)(4)"; that "[t]his experience has

---

[1] We have relied on this principle in a recent unpublished decision. In *Goodvine v. Meisner*, two prisoners who were proceeding pro se sought to certify a class of "hundreds of mentally ill inmates" at Columbia Correctional Institution in Wisconsin. 608 F. App'x 415, 417 (7th Cir. 2015). The district court determined that the plaintiffs "could not fairly represent the class interests because they were *pro se* (and had not made an effort to secure class counsel)." *Id.* We stated that these were "sound reasons" for denying class certification. *Id.*

recognized the importance of judicial evaluation of the *proposed* lawyer for the class"; and that "Rule 23(a)(4) will continue to call for scrutiny of the proposed class representative, while [subdivision (g)] will guide the court in assessing *proposed* class counsel as part of the certification decision" (emphases added)); *see also Sheinberg v. Sorensen*, 606 F.3d 130, 132 (3d Cir. 2010) ("[U]nder the plain language of [Rule 23(g)], a district court's decision to certify a class must *precede* the appointment of class counsel."). And even if the district court had ignored the petitioners' reference to Rule 23(g) and considered their motion for appointment of counsel before (and independently from) considering their motion for class certification, the request for counsel would have been properly denied because the petitioners gave no indication that they had made any effort to retain counsel themselves. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc).

## Conclusion

For the reasons set forth in this opinion, the 23(f) petition is denied.

PETITION DENIED.