# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 18-2169

SEAN D. THOMPSON,                                                    PETITIONER,

V.

ROBERT L. WILKIE,
SECRETARY OF VETERANS AFFAIRS,                          RESPONDENT.

Before DAVIS, *Chief Judge*, and MEREDITH and TOTH, *Judges*.

# O R D E R

On April 30, 2018, the self-represented petitioner, Sean D. Thompson, filed, on behalf of himself and other similarly situated veterans, a petition for extraordinary relief in the form of a writ of mandamus compelling VA "to promptly adjudicate his long-pending disability benefits application, as well as those of veterans who face significant financial or medical hardship and whose applications have similarly languished before the Secretary for more than twelve months since the timely filing of a Notice of Disagreement." Petition at 1.

On June 11, 2018, the matter was referred to a panel of the Court. On July 25, 2018, the Court ordered the Secretary to respond to the petition, both with respect to the petitioner's individual claim and to his request for class certification. After the Secretary filed his response, the Court sought a reply from the petitioner with respect to his individual petition. The Court will address that matter in a separate order in due course.

In his September 26, 2018, response to the petitioner's request for class certification, the Secretary argued that pro se class actions are prohibited, Response at 4-5, and that "the Court may not bypass the requirements of [Federal Rule of Civil Procedure 23 (Rule 23) subsections ](a) and (b) to appoint counsel and 'save' an otherwise inadequate pro se class," *id.* at 5. In that regard, the Secretary argued that the proposed class does not satisfy the commonality and typicality requirements of Rule 23(a) and that the petitioner is not an adequate class representative. *Id.* at 7-17. Additionally, the Secretary contended that the proposed class does not meet the requirements of Rule 23(b)(2) because of the individualized nature of the underlying claims. *Id.* at 17-20.

The Court has determined that it will use Rule 23 as a guide in considering requests for class certification for the time being. *See Monk v. Wilkie*, __ Vet.App. __, __, No. 15-1280 2018 WL 4043242 at *1 (Aug. 23, 2018). To justify certification, each of the elements of Rule 23(a) must be met. *See Amchem Products., Inc. v. Windsor*, 521 U.S. 591, 614 (1997); *Richards v. Delta Air Lines, Inc.*, 453 F.3d 525, 529 (D.C. Cir. 2006). The party seeking class action bears the burden of proving that the requirements of the class certification rule have been met. *Amchem*, 521 U.S. at 614; *DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1194 (10th Cir. 2010).

The certifying court must rigorously analyze the Rule 23 prerequisites before certifying a class. *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 161 (1982). The four prerequisites to certify a class action under Rule 23(a) are:

1. Numerosity: The class is so numerous that joinder of all members is impracticable;
2. Commonality: There are questions of law or fact common to the class;
3. Typicality: The claims or defenses of the representative parties are typical of the claims and defenses of the class; and
4. Adequacy: The representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a).[1]

The Secretary is correct that other courts applying Rule 23 have held that pro se class actions are prohibited. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). The Court notes that, although it does not appoint counsel, *see Henderson v. Brown*, 10 Vet.App. 272, 278 (1997) (per curiam order), once a panel was formed in this case, the Court referred the petition to the Veterans Consortium Pro Bono Program (Consortium) for consideration. On July 17, 2018, the Consortium advised the Court that the petitioner had not responded to its offer to assist him in arranging representation.

As the Secretary notes, Rule 23(g) requires a court to appoint class counsel once a class is certified. FED. R. CIV. P. 23(g) ("[A] court that certifies a class must appoint class counsel."). However, "the purpose of Rule 23(g) is not to enable pro se plaintiffs to obtain recruited counsel in conjunction with class certification; the purpose of the rule is to ensure that the *proposed* class counsel is adequate." *Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015) (per curiam). Indeed, "a [] court's decision to certify a class must *precede* the appointment of class counsel." *Sheinberg v. Sorensen*, 606 F.3d 130, 132 (3d Cir. 2010).

The self-represented petitioner has not asserted that he has any training as an attorney and, therefore, he cannot "fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4); *see DeBrew v. Atwood*, 792 F.3d 118, 132 (D.C. Cir. 2015) ("[A] *pro se* litigant who is not trained as a lawyer is simply not an adequate class representative."); *Fymbo*, 213 F.3d at 1321 (holding that a pro se plaintiff is not an adequate class representative "because the competence of a layman is clearly too limited to allow him to risk the rights of others" (internal quotation marks omitted)); *Oxendine*, 509 F.2d at 1407 (holding that it was "plain error" for the district court to allow an "imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action"). Because the Court thus concludes that the petitioner has not met the prerequisites of Rule 23(a), his request for class certification will be denied.

---

[1] Additionally, the proponent of class certification must demonstrate that the class is maintainable under one of the subdivisions of Rule 23(b). *See Amchem*, 521 U.S. at 614. Because the Court concludes that the petitioner has not satisfied the requirements of Rule 23(a), we need not consider whether the proposed class meets the requirements of Rule 23(b).

Upon consideration of the foregoing, it is

ORDERED that the petitioner's request for class certification is denied.

DATED: October 24, 2018                                    PER CURIAM.