In the

# United States Court of Appeals

### For the Seventh Circuit

———————————

No. 24-1796

ANTHONY BOYCE,

*Plaintiff-Appellant,*

*v.*

ASHLEY COX and FRANCIS CATINO,

*Defendants-Appellees.*

———————————

Appeal from the United States District Court for the
Central District of Illinois.
No. 23-cv-03175 — **Jonathan E. Hawley**, *Magistrate Judge.*[1]

———————————

ARGUED SEPTEMBER 3, 2025 — DECIDED MARCH 17, 2026

———————————

Before SCUDDER, KIRSCH, and PRYOR, *Circuit Judges.*

PRYOR, *Circuit Judge.* Anthony Boyce, a prisoner at Western Illinois Correctional Center, proceeding without a lawyer, brought suit under 42 U.S.C. § 1983 alleging the prison dentist Dr. Francis Catino and dental assistant Ashley Cox were deliberately indifferent to his need for dental care, in violation

———————————

[1] Judge Hawley is now a district judge in the Central District of Illinois.

of the Eighth Amendment. On appeal, Boyce claims the district court erred in granting summary judgment for the defendants on the ground that he failed to exhaust his administrative remedies within the prison as required by 42 U.S.C. § 1997e(a). After careful review of the record as well as the written and oral arguments of counsel, we reverse in part, affirm in part, and remand.

## I.    BACKGROUND

### A. Conduct Underlying Boyce's Suit

We review a "grant of summary judgment de novo, construing all facts and drawing all reasonable inferences in the light most favorable to the non-moving party." *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021). We do not vouch for the objective truth of these facts or take any position on Boyce's ultimate chance of success on the merits. *Berry v. Peterman*, 604 F.3d 435, 438 (7th Cir. 2010).

Boyce, an inmate at Western, experienced extreme tooth pain and requested dental care from Western medical staff. In July 2022, Western's medical director, Dr. Trusewych, examined Boyce and found cavities, swollen gums, abscesses, and bleeding. Due to the seriousness of Boyce's condition, Dr. Trusewych referred Boyce to Western's dental staff.

That day, Boyce saw Dr. Catino, who examined him and informed Boyce that he had a hole in his tooth. Boyce requested "to have [his] teeth filled," "to be sent out to [a] specialist," and "to have [his] teeth cleaned." Dr. Catino declined, explaining that Boyce could not get his teeth cleaned at Western. Instead, Dr. Catino scheduled a tooth extraction for Boyce. The dental assistant, Cox, when speaking with Boyce, also informed him that Western did not clean teeth or give out

mouthwash to prisoners. Boyce was prescribed "antibiotic pills and told he would be put in for tooth fillings for his cavities."

### B. Illinois Prisoner Grievance Process

As a prisoner at Western, Boyce was required to follow the Illinois grievance process outlined in the state's prison procedural rules. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). In Illinois, a prisoner must first submit a grievance usually within 60 days after the discovery of the incident giving rise to the grievance. 20 ILL. ADMIN. CODE § 504.810(a). The grievance officer then considers the grievance and forwards his findings and recommendation to the Chief Administrative Officer. *Id.* at § 504.830(e). If unsatisfied with the response from the Chief Administrative Officer, the inmate may appeal to the Administrative Review Board within 30 days, which will then submit a recommendation to the Director of Illinois Department of Corrections. *Id.* at § 504.850(a), (d). The Director issues the Department's final determination. *Id.* at § 504.850(e).

### C. Boyce's Grievance

On September 20, 2022, Boyce submitted a grievance form stating he was experiencing extreme tooth pain. Boyce explained that since November 2021 he had been asking for his teeth to be cleaned and that his teeth hurt. The grievance relayed that Boyce had been examined by Dr. Catino in July 2022, and Dr. Catino observed a hole in Boyce's tooth. The grievance stated that Dr. Catino informed Boyce that the facility did not clean teeth and that Boyce would need to have his tooth extracted. As relief, Boyce again requested "to have

[his] teeth filled" and "to be sent out to [a] specialist … to have [his] teeth cleaned."

On September 26, 2022, Boyce saw Dr. Catino and Cox again. They again told Boyce they did not clean teeth at Western. They also notified Boyce that they would not send him out of the facility to have his teeth cleaned. Boyce indicated he did not feel well and asked for the extraction to be rescheduled. Dr. Catino and Cox agreed to reschedule the extraction.

In November 2022, a grievance counselor reviewed Boyce's grievance and replied to Boyce's complaint. Next, a grievance officer determined that because Boyce's tooth extraction was being rescheduled, the grievance should be deemed moot. The Chief Administrative Officer concurred with the grievance officer's recommendation. Not satisfied with the Chief Administrative Officer's response, Boyce filed an appeal through the Administrative Review Board. On recommendation by the Board, the Director of the Illinois Department of Corrections denied Boyce's appeal on January 30, 2023.

### D. District Court Proceedings

A few months later, Boyce, proceeding pro se, filed this 42 U.S.C. § 1983 action alleging Dr. Catino and Cox were deliberately indifferent to his need for adequate dental care in violation of the Eighth Amendment. Boyce attached the September 20, 2022 grievance to his complaint.[2] The same day

---

[2] Boyce also attached a different grievance he submitted to prison officials in February 2023 alleging similar issues with his teeth, but that grievance is not at issue in this appeal.

he filed his complaint, Boyce filed a motion asking for permission to file a class action lawsuit.

Fulfilling the screening obligation imposed by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C § 1915A, the district court concluded that Boyce had successfully alleged an Eighth Amendment claim against Dr. Catino and Cox "for their alleged deliberate indifference to [Boyce's] serious dental needs." The district court denied, however, Boyce's motion to file a class action lawsuit, reasoning that "a prisoner bringing a pro se action cannot represent a class of plaintiffs." Dr. Catino and Cox then moved for summary judgment on the ground that Boyce had not complied with the exhaustion requirement of the PLRA. Boyce responded, arguing that he had materially complied with the PLRA in light of his grievance filed on September 20, 2022. The district court disagreed and granted summary judgment for failure to exhaust Boyce's Eighth Amendment claim.[3]

Boyce, now represented by counsel, appeals.

## II.    DISCUSSION

Boyce raises two issues on appeal. First, Boyce argues that the district court erred in concluding that he failed to exhaust his administrative remedies. Second, he maintains that the district court erred in denying his motion for class certification. We take both arguments in turn.

---

[3] The parties consented to the jurisdiction of then-Magistrate Judge Hawley. *See* 28 U.S.C. § 636(c).

### A. Exhaustion under the Prison Litigation Reform Act

*1. Legal Standard*

The PLRA requires prisoners to properly exhaust all administrative remedies before pursuing claims in federal court. *See* 42 U.S.C. § 1997e(a). "The exhaustion requirement's primary purpose is to alert the state to the problem and invite corrective action." *Turley*, 729 F.3d at 649 (citation modified). Accordingly, when the prisoner takes all the administrative steps, his complaint will give the prison the necessary notice and the opportunity to correct a problem before being drawn into litigation. *Jackson v. Esser*, 105 F.4th 948, 958–59 (7th Cir. 2024). For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "A prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024; *Porter v. Nussle*, 534 U.S. 516, 525 (2002) (noting that the purpose of the exhaustion requirement is to give officials "time and opportunity to address complaints internally").

Because exhaustion is an affirmative defense, the defendants shoulder the burden of proof. *Hernandez v. Lee*, 128 F.4th 866, 869 (7th Cir. 2025). We review de novo a grant of summary judgment based on a failure to exhaust. *Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir. 2008).

*2. Boyce's Grievance Provided Sufficient Notice*

It was defendants' burden to prove that Boyce had not exhausted his administrative remedies. Dr. Catino and Cox maintain that Boyce's September grievance was insufficient to

support his Eighth Amendment claim of an ongoing failure to provide adequate dental care. Instead, Boyce's federal complaint, according to the defendants, was limited to "factual allegations plausibly stating a claim for relief" for conduct that occurred on September 26, 2022, approximately six days after Boyce's September grievance form was completed. Accordingly, Dr. Catino and Cox maintain that Boyce has failed to exhaust his administrative remedies.

In response, Boyce contends that the September grievance alleged ongoing violations of his right to adequate dental care and put prison officials at Western on notice of Dr. Catino and Cox's deliberate indifference. Thus, Boyce maintains that he has fully exhausted his administrative remedies. Because of the ongoing denial of dental care, Boyce argues he did not need to file a separate grievance complaining of the September 26, 2022 appointment. Boyce cites *Turley* in support of his position. *See* 729 F.3d at 650. In that case, we explained to satisfy the exhaustion requirement "prisoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing." *Id.* "Separate complaints about particular incidents are only required if the underlying facts or the complaints are different." *Id.* We explained that "once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement." *Id.*

Boyce's September 2022 grievance was centered around the lack of dental care he was receiving from the prison. The grievance stated that Boyce had been suffering from extreme tooth pain since transferring to Western in November 2021. He explained that when he was examined by Dr. Catino in

July 2022, he was notified of a hole in his tooth and the need for a tooth extraction. Months later, Boyce filed the grievance requesting that his tooth be filled and his teeth cleaned. In Cox's response, she noted that Boyce had been seen on September 26, 2022, for the tooth extraction, but requested the procedure be rescheduled because Boyce was not feeling well. Because Boyce was being rescheduled for the tooth extraction, the prison deemed Boyce's grievance moot.

Dr. Catino and Cox's contention that Boyce was required to then file a separate grievance following his September 26, 2022 appointment fails. The prison deemed Boyce's September 20 grievance moot because of actions the prison took six days later. When properly construed, Boyce's grievance focused on the prison's ongoing failure to provide him with adequate dental care, not Dr. Catino and Cox's conduct at a specific appointment. Clearly from the response, the prison officials deemed the objectionable condition Boyce complained of in his September grievance continued beyond the dates identified in the form.

Boyce's grievance was sufficient to exhaust his § 1983 Eighth Amendment claim of deliberate indifference concerning his extreme dental pain. *Berry*, 604 F.3d at 440; *Petties v. Carter*, 836 F.3d 722, 730 (7th Cir. 2016) (en banc). Cox attempts to avoid this conclusion by noting that Boyce did not mention her in his September grievance. Citing *Roberts v. Neal*, 745 F.3d 232 (7th Cir. 2014), Cox maintains that Boyce was required to mention Cox by name to exhaust his administrative remedies against her. *See id.* at 234. *Roberts* is inapplicable. In that case, the prisoner failed to identify the prison officials by name or provide enough information in the grievance so that the grievance officer could identify the officials. *See id.* at 235–

36. Here, construing the facts in Boyce's favor, he outlined in his grievance that he had been seen by the dental staff at Western in July 2022 and was left with a hole in his tooth and in extreme pain. From the prison's investigation, this conduct was attributable to Dr. Catino and Cox. Knowing she was a target of Boyce's complaint, the grievance counselor spoke with Cox regarding Boyce's dental treatment. Because Boyce properly utilized Western's grievance process and offered descriptive information sufficient to put the prison on notice of his claims against Dr. Catino and Cox, we conclude Boyce exhausted his administrative remedies under the PLRA.

### B. Class Certification

Next, Boyce seems to argue that the district court abused its discretion in denying his request for class certification. A class action can be maintained only if the class representative "will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). Boyce proceeded without counsel in the district court, and the ability to protect the interest of the class depends on, among other things, the quality of counsel. *Sec'y of Lab. v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1986) (en banc). Boyce does not engage with this principle on appeal. He has not shown that he was qualified to pursue claims of delayed dental care or has the capacity to protect the interests of his fellow inmates. *Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015) (per curiam). Only experienced counsel with significant resources could provide the level of support necessary to prosecute such a massive suit. We therefore conclude that the district court did not abuse its discretion denying without prejudice Boyce's motion to bring a class action at this juncture.

## III.   CONCLUSION

In sum, Boyce's September 20, 2022 grievance provided sufficient notice to prison officials of his complaint of inadequate dental care by Dr. Catino and Cox. Thus, the district court erred in granting summary judgment to the defendants on the ground that Boyce failed to exhaust his administrative remedies as required by the PLRA. We REVERSE in part, AFFIRM in part, and REMAND for proceedings consistent with this opinion.